UNITED STATES DISTRICT COURT
for the WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>    Plaintiff(s),<br><br>  vs.<br><br>OLEKSIY KOVYRIN, et al.,<br><br>    Defendant(s). | Case No. 2:07–cv–01398–MJB<br><br>ORDER REGARDING INITIAL DISCLOSURE, JOINT STATUS REPORT, and EARLY SETTLEMENT |

### *I. Initial Scheduling Dates*

Pursuant to the December 1, 2000 revisions to the Federal Rules of Civil Procedure, the Court hereby sets the following dates for initial disclosure and submission of the Joint Status Report and Discovery Plan:

Deadline for FRCP 26(f) conference...................................... 10/10/2007
Initial Disclosure Pursuant to FRCP 26(a)............................. 10/17/2007
Combined Joint Status Report and Discovery Plan as
Required by FRCP 26(f), and Local Rule CR 16................... 10/24/2007

### *II. Joint Status Report and Discovery Plan*

All counsel and pro se parties are directed to confer and provide the Court

Order Regarding Initial Disclosure, Joint Status Report, and Early Settlement – 1

with a combined Joint Status Report and Discovery Plan (the "Report") by **10/24/2007**. This conference shall be by direct and personal communication, whether that be a face–to–face meeting or a telephone conference. The Report will be used in setting a schedule for the prompt completion of the case. It must contain the following information by corresponding paragraph numbers:

1. A statement of the nature and complexity of the case.
2. A statement of which ADR method (mediation, arbitration, or other) should be used. The alternatives are described in Local Rule 39.1, and in the ADR Reference Guide, which is available on the Court's website (www.wawd.uscourts.gov). **If the parties believe there should be no ADR, the reasons for that belief should be stated.**
3. Unless all parties agree that there should be not ADR, a statement of when mediation of another ADR proceeding under Local Rule 39.1 should take place. In most cases, the ADR proceeding should be held within four months after the Report is filed. It may be resumed, if necessary, after the first session.
4. A proposed deadline for joining additional parties.
5. A proposed discovery plan that indicates:
   A. The date on which the FRCP 26(f) conference and FRCP 26(a) initial disclosures took place;
   B. The subjects on which discovery may be needed and whether discovery should be conducted in phases or be limited to or focused on particular issues;
   C. What changes should be made in the limitations on discovery imposed under the Federal and Local Civil Rules, and what other limitation should be imposed;
   D. A statement of how discovery will be managed so as to minimize expense (e.g., by foregoing or limiting depositions, exchanging documents informally, etc.) and;
   E. Any other orders that should be entered by the Court under FRCP 26(c) or under Local Rule CR16(b) and (c).

6. The date by which the remainder of discovery can be completed.
7. Whether the case should be bifurcated by trying the liability issues before the damages issues, or bifurcated in any other way.
8. Whether the pretrial statements and pretrial order called for by Local Rules CR16(e), (h), (I), and (1), and 16.1 should be dispensed with in whole or in part for the sake of economy.
9. Any other suggestions for shortening or simplifying the case.
10. The date the case will be ready for trial.
11. Whether the trial will be jury or non–jury.
12. The number of trial days required.
13. The names, addresses, e–mail addresses, and telephone numbers of all trial counsel.
14. If, on the due date of the Report, all defendants or respondents have not been served, counsel for plaintiff, or pro se plantiff, shall advise the Court when service will be effected, why it was not made earlier, and shall provide a proposed schedule for the required FRCP 26(f) conference and FRCP 26(a) initial disclosures.
15. Whether any party wishes a scheduling conference prior to a scheduling order being entered in the case.

If the parties are unable to agree on any part of the Report, they may answer in separate paragraphs. **Separate reports are not to be filed.**

The time for filing the Report may be extended only by order of the Court. Any request for extension should be made by filing a motion/proposed order according to local rules.

If the parties wish to have a status conference with the Court at any time during the pendency of this action, especially if it concerns discovery disputes, they should contact Agalelei Elkington, Deputy Clerk, at (206) 370–8421 or via e–mail at agalelei_elkington@wawd.uscourts.gov.

### III. Right to Consent

The parties have the right to consent to assignment of this case to a full time

United States Magistrate Judge pursuant to 28 U.S.C. §636(c) and Local MJR 13 to conduct all proceedings. Please refer to the *Notice of Initial Assignment to a United States Magistrate Judge to Exercise Jurisdiction and Requirement for Consent.*

### *IV. Plaintiff's Responsibility*

This Order is issued at the outset of the case, and a copy delivered by the Clerk to counsel for the plaintiff, or the plaintiff if pro se, and any defendants **who have appeared. Plaintiff's counsel, or the plaintiff pro se, is directed to serve copies of the Order, along with the** *Notice of Initial Assignment to a Magistrate Judge to Exercise Jurisdiction and Requirement for Consent* **and Consent form, on all parties who appear after this Order is filed within ten (10) days of receipt of service on each appearance. Plaintiff's counsel, or the plaintiff pro se, will be responsible for starting the communications needed to comply with this Order.**

### *V. Early Settlement Consideration*

When civil cases are settled early, before they become costly and time−consuming, all parties and the Court benefit. The Federal Bar Association Alternative Dispute Resolution Task Force Report for this district stated:

> [T]he major ADR related problem is not the percentage of civil cases that ultimately settle, since statistics demonstrate that approximately 95% of all cases are resolved without trial. However the **timing** of settlement is a major concern. Frequently, under our existing ADR system, case resolution occurs far too late, after the parties have completed discovery and incurred substantial expenditure of fees and costs.

The judges of this district have adopted a resolution "approving the Task Force's recommendation that court−connected ADR services be provided as early, effectively, and economically as possible in every suitable case." The steps required by this Order are meant to help achieve that goal while preserving the rights of all parties.

If settlement is achieved, counsel shall notify Agalelei Elkington, Deputy

1  Clerk at (206) 370–8421 or via e–mail at agalelei_elkington@wawd.uscourts.gov.

2              *VI. Sanctions*

3     A failure by any party to comply fully with this Order may result in the
4  imposition of sanctions.

5     DATED  The 12th of September, 2007

6

7                              _____s/ Monica J. Benton_____
                                   U.S. Magistrate Judge
8